IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY BUSSIE, | :: | PRISONER HABEAS CORPUS |
|    Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| THOMAS P. MCNAMARA, | :: | CIVIL ACTION NO. |
|    Respondent. | :: | 1:15-CV-2060-TWT-GGB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal medical center in Butner, North Carolina ("Butner"). Petitioner was sent there in 2014 pursuant to an order by the U.S. District Court for the District of New Jersey finding him mentally incompetent to stand trial in a criminal case. Order, *United States v. Bussie*, No. 1:12-cr-229-RMB (D.N.J. May 12, 2014).

While confined at Butner pursuant to that order, Petitioner, pro se, filed in this Court a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and named two federal public defense lawyers as Respondents. Pet., *Bussie v. Coughlin*, No. 1:14-cv-4062-MHS (N.D. Ga. Dec. 22, 2014). In January 2015, the Court dismissed that petition for lack of jurisdiction because Petitioner was not confined within this Court's jurisdiction and this Court could not interfere in Petitioner's criminal case pending in New Jersey. *Id.*, ECF Nos. 3, 7.

In April 2015, the U.S. Attorney for the District of New Jersey dismissed all charges against Petitioner in the criminal case because of Petitioner's incompetence and because the U.S. District Court for the Eastern District of North Carolina recently ordered that Petitioner be civilly committed.  Order, *Bussie*, No. 1:12-cr-229-RMB, ECF No. 43.  Petitioner remains confined at Butner pursuant to the North Carolina court's civil commitment order.  *See* Order, *United States v. Bussie*, No. 5:14-hc-2186-BR (E.D.N.C. Apr. 2, 2015) (ordering Petitioner's commitment pursuant to 18 U.S.C. § 4246).

On June 12, 2015, Petitioner, pro se, filed with this Court a petition asking the Court to "process my 2241 claim," which appears to be a reference to 28 U.S.C. § 2241, the general federal habeas statute. (Doc. 1 at 12.)  Petitioner named as Respondent a lawyer in the Federal Public Defender's office in Raleigh, North Carolina who apparently represented Petitioner in the civil commitment proceedings there.  (*Id.* at 2.)  Liberally construing Petitioner's confusing filing, he complains of that representation in North Carolina, the now dismissed criminal case in New Jersey, and his current confinement at Butner.  (*See generally id.*)  In the "Request For Relief" section of his petition, Petitioner states:

> I declare war on malpractice legal and malpractice medical in the United States conducted by bad government employees and bad government entity funded by tax payers. The war to set forth Internal Affair, Attorney General and other to set peace pay. A race riot same as Los Angeles, CA and recent Baltimore MD.

(*Id.* at 9.)  It thus is not clear what relief Petitioner seeks.

To the extent Petitioner seeks habeas relief under § 2241, the Court does not have jurisdiction over the petition because Butner, where Petitioner is confined, is not located in the Northern District of Georgia.  *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions.").  And to the extent Petitioner seeks non-habeas relief from officials at Butner, the Federal Public Defender in North Carolina, or officials in New Jersey, this Court is not a proper venue for such claims.  *See* 28 U.S.C. § 1391(b) (federal venue statute).

Accordingly, I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to seek relief in the appropriate court. I **GRANT** Petitioner leave to proceed *in forma pauperis* for purposes of dismissal only.

**SO ORDERED & RECOMMENDED** this 18th day of June, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE